# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 14-1107V
**Filed: September 22, 2016**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
MICHELLE and MATTHEW           \*
SMITH, parents of M.S., a minor,   \*           UNPUBLISHED
                               \*
                               \*           Special Master Hamilton-Fieldman
               Petitioners,    \*
v.                             \*           Dismissal; Gardasil;
                               \*           Premature Ovarian Insufficiency.
                               \*
SECRETARY OF HEALTH            \*
AND HUMAN SERVICES,            \*
                               \*
               Respondent.     \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

<u>Tara C. O'Mahoney</u>, Law Offices of Chicago-Kent College of Law, Chicago, IL, for Petitioners.
<u>Debra A. Filteau Begley</u>, United States Department of Justice, Washington, DC for Respondent.

## DECISION[1]

On November 13, 2014, Petitioners filed a petition on behalf of her minor child, M.S., for compensation in the National Vaccine Injury Compensation Program ["the Program"],[2] alleging that a series of Gardasil vaccinations received on November 12, 2010, November 14, 2011, February 3, 2012, and November 16, 2012, caused M.S. to suffer premature ovarian insufficiency. The information in the record, however, does not show entitlement to an award under the Program.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

On September 22, 2016, Petitioners moved for a decision dismissing this petition, stating that after "[a]n investigation of the facts and science, a hearing on onset, and expert reports, Petitioners believe they will be unable to prove that they are entitled to compensation in the Vaccine Program." Motion Dismissing the Petition ("Motion") at ¶ 1, filed Sept 22, 2016. Respondent does not oppose Petitioners' motion. Id. at ¶ 4.

To receive compensation under the Program, Petitioners must prove either 1) that M.S. suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or 2) that M.S. suffered an injury that was actually caused by a vaccine. See §§ 13(a)(1)(A) and 11(c)(1). An examination of the record did not uncover any evidence that M.S. suffered a "Table Injury." Further, the record does not contain persuasive evidence indicating that M.S.'s alleged injury was caused by the Gardasil vaccinations.

Under the Act, Petitioners may not be given a Program award based solely on the Petitioners' claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 13(a)(1). In this case, because the medical records and expert reports are insufficient to prove Petitioners' claim, this case must be **dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

s/ Lisa Hamilton-Fieldman
Lisa Hamilton-Fieldman
Special Master