# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 14-1107V
Filed: April 13, 2017

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * <br> MICHELLE and MATTHEW　　　　　* <br> SMITH, parents of M.S., a minor,　* <br> 　　　　　　　　　　　　　　　　　* <br> 　　　　　　　　　　　　　　　　　* <br> 　　　　　　　Petitioners,　　　　 * <br> v.　　　　　　　　　　　　　　　　* <br> 　　　　　　　　　　　　　　　　　* <br> 　　　　　　　　　　　　　　　　　* <br> SECRETARY OF HEALTH　　　　　 * <br> AND HUMAN SERVICES,　　　　　 * <br> 　　　　　　　　　　　　　　　　　* <br> 　　　　　　　Respondent.　　　　 * <br> * * * * * * * * * * * * * * * * * * * * | Special Master Sanders <br><br> Attorneys' Fees and Costs; Unopposed; <br> Reasonable Amount Requested. |

Edward M. Kraus, Law Offices of Chicago-Kent College of Law, Chicago, IL, for Petitioners.
Debra A. Filteau Begley, United States Department of Justice, Washington, DC for Respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

　　　　On November 13, 2014, Michelle and Matthew Smith ("Petitioners") filed a petition on behalf of their minor child, M.S., for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 (2012).[2]  Petitioners allege that a series of Gardasil vaccinations received on November 12, 2010, November 14, 2011, February 3, 2012, and November 16, 2012, caused M.S. to suffer premature ovarian insufficiency.  Petition, filed Nov. 13, 2014.  On September 22, 2016, Special Master Hamilton-Fieldman issued a decision dismissing the petition.  Decision, ECF No. 61.

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 et seq. (2012) (hereinafter "Vaccine Act" or "the Act").  Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

On April 12, 2017, Petitioners filed an Unopposed Motion for Attorneys' Fees and Costs. Mot. Att'ys' Fees and Costs, ECF No. 69. Petitioners requested attorneys' fees in the amount of $32,144.15 and attorneys' costs in the amount of $6,855.85. *Id.* at 1. Petitioners stated that prior to filing their fees application, they informally conferred with Respondent. Respondent asked Petitioners "to review the interim fee decision in Culligan v. HHS, 14-318V (slip op. March 31, 2016), which was the lead case for the POI omnibus onset hearing." *Id.* Petitioners indicated that after review of the *Culligan* decision,[3] they reduced their requested total to $39,000. *Id.* Respondent does not object to that amount. *Id.*

The undersigned has reviewed Petitioners' counsel's detailed records of time and expenses incurred in this case, and they are reasonable. In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned finds that Petitioners are entitled to attorneys' fees and costs. **Accordingly, the undersigned hereby awards the amount of $39,000,[4] in the form of a check made payable jointly to Petitioners and Petitioners' counsel, Edward Kraus, of Law Offices of Chicago-Kent College of Law.** In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

/s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[3] *Culligan v. Sec'y of Health and Human Services*, No. 14-318V, 2016 WL 1622967 (Fed. Cl. Spec. Mstr. Mar. 31, 2016).

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).